U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 11 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JERRY SHAD ROBBINS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:16-CV-620-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jerry Shad Robbins, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

I. **Factual and Procedural History**

On June 11, 2014, a jury in the 43rd Judicial District Court of Parker County, Texas, Cause No. CR13-0283, found petitioner guilty of burglary of a habitation. (Clerk's R. at 124.)

Following his jury trial, petitioner's pending offenses in Parker County, Cause No. CR13-0591, for forgery and theft were pled in bar, and the trial court assessed his punishment at 18 years' confinement. (*Id.* at 127; 05SHR at 37.[1]) Petitioner appealed his burglary conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment on February 26, 2015. (Mem. Op. at 17.) Petitioner did not file a timely petition for discretionary review, and the Texas Court of Criminal Appeals denied his motion for an extension of time to do so. (Docket Sheet, at 1.) Petitioner also filed four relevant state habeas-corpus applications challenging his burglary conviction and sentence and the plea in bar proceeding. The first two, filed on June 20, 2015, were dismissed by the Texas Court of Criminal Appeals on July 29, 2015, for noncompliance with rule 73.1 of the Texas Rules of Appellate Procedure.[2] (02SHR at 16 & "Action

---

[1] "05SHR" refers to the record of petitioner's state habeas proceeding in WR-83,124-05; "02SHR" refers to the record of his state habeas proceeding in WR-83,124-02; "03SHR" refers to the record of his state habeas proceeding in WR-83,124-03; and "06SHR" refers to the record of his state habeas proceeding in WR-83,124-06.

[2] A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's applications do not provide the date he placed the documents in the prison mailing system, however the "Inmate's Declaration" was signed by petitioner in the first set on June 20, 2015, and in the second set on July 5, 2016. For purposes of this opinion, petitioner's state habeas applications are deemed filed on those dates.

2

Taken"; 03SHR at 16 & "Action Taken.") The second two were filed on July 5, 2016, and denied without written order by the Texas Court of Criminal Appeals on September 28, 2016. (05SHR at 17 & "Action Taken"; 06SHR at 17 & "Action Taken.") This federal habeas petition challenging his Parker County conviction and the plea in bar proceeding was filed on July 1, 2016.[3] Respondent asserts the petition is untimely under the federal statute of limitations and should be dismissed. (Resp't's Preliminary Answer at 6-9.)

## II. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3]Similarly, petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner's initial filing in this court was a purported "Motion to Vacate a Sentence," which he certified was sent via U.S. Postal Service on July 1, 2016. The motion was construed as a petition under 28 U.S.C. § 2254, and petitioner subsequently completed and returned a form § 2254 petition. For purposes of this opinion, petitioner's petition is considered filed on July 1, 2016.

3

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely petition for discretionary review in the

4

Texas Court of Criminal Appeals on Monday, March 30, 2015,[4] and closed one year later on March 30, 2016, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter equity. Petitioner's first set of state habeas applications filed before expiration of the limitations period but non-complying with the state's form requirements do not operate to toll the running of the limitations period for purposes of § 2244(d)(2). *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999); *Davis v. Quarterman*, No. 4:07-CV-203-A, 2008 WL 2002936, at *2 (N.D.Tex. May 8, 2008), *aff'd*, 342 Fed. App'x 952, 2009 WL 2710057 (5th Cir. 2009), *cert. denied*, 559 U.S. 1046 (2010). Nor do his second set of state habeas applications filed after limitations had already expired. *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the petition is untimely unless petitioner can demonstrate that equitable tolling is justified.

---

[4]March 28, 2015, was a Saturday; thus, petitioner would have had until Monday, March 30, 2015, to file a petition for discretionary review.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, -U.S. -, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). In an apparent attempt to trigger subsection (B) of § 2244(d)(1) and/or justify equitable tolling, petitioner attributes his delay to his limited knowledge of the law and procedural rules; prison transfers; and a limited law library at the Kegans State Jail, where he was housed at some point. (Pet'r's Resp. at 3-4.) However, it is well established that a prisoner's lack of knowledge of the law and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)). Generally, transfers between prison units and an inadequate law library are also common problems among inmates who are trying to pursue postconviction habeas relief and do not invoke subsection (B) or warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000); *Scott v.*

6

*Stephens*, No. 4:13-CV-384-A, 2013 WL 3870648204, at *3 (N.D.Tex. July 25, 2013). Petitioner asserts that he has been transferred to different prisons six times since January 6, 2014, and that the Kegans State Jail did not have a "full" law library, but he provides no explanation as to how this affected his ability to seek postconviction relief.

Nor does petitioner raise a convincing claim of actual innocence of the offense for which he stands convicted. A federal habeas petitioner attempting to overcome the expiration of the AEDPA statute of limitations by actual innocence must support his allegations with new, reliable evidence that was not presented at trial and must show that it is more likely than not that, in light of the new evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *McQuiggin*, 133 S. Ct. at 1933; *Schlup v. Delo,* 513 U.S. 298, 326 (1995). Petitioner makes no such showing.

In summary, petitioner fails to invoke subsection (B) or statutory tolling under § 2244(d)(2). He also fails to show that he pursued his rights with reasonable diligence but was prevented from filing a timely petition by extraordinary circumstances or that he is actually innocent for purposes of equitable tolling.

Therefore, Petitioner's federal petition was due on or March 30, 2016. His petition, filed on July 1, 2016, is therefore untimely. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED September 11, 2017.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

8